UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

TED TAYLOR                                                                    PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 3:26-CV-35-KHJ-RPM

MISSISSIPPI DEPARTMENT OF
HUMAN SERVICES et al                                                        DEFENDANTS

## REPORT AND RECOMMENDATION

This matter is before the Court *sua sponte*.  Plaintiff Ted Taylor, proceeding *pro se* and *in forma pauperis*, filed a complaint pursuant to 42 U.S.C. § 1983 for violation of civil rights.  As Defendants he has named the Mississippi Department of Human Services; Young Williams Contractor; Forrest County Chancery Court; Lamar County Chancery Court; Oktibbeha County Chancery Court; and unknown Judges, Directors, and Caseworkers.  In his complaint, Plaintiff alleges he is subject to multiple child support orders in Forrest, Lamar, and Oktibbeha Counties. He alleges that he was not properly served with notice of hearings and that the subject orders are therefore void.  He requests that the Court declare the child support orders void and enjoin Defendants from enforcing the orders or administrative penalties in connection with them.  He contends that Defendants have seized or restrained his property through administrative enforcement mechanisms based on "constitutionally defective and void orders."

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.  The Court is allowed to dismiss "at any time" an *in forma pauperis* complaint if the complaint fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B).  Federal courts also have an independent obligation to determine whether subject-matter jurisdiction exists.  *See Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 749 (5th Cir. 2020).  As explained below,

the undersigned finds that the Court lacks subject matter jurisdiction because Plaintiff's claims are barred by the *Rooker-Feldman* doctrine. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005). In the alternative, the undersigned recommends that the Court should abstain from exercising jurisdiction, because Plaintiff alleges there are "pending appeals" related to the subject child support orders. Doc, [3] at 1; *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982) (citing *Younger v. Harris*, 401 U.S. 37 (1971))

The *Rooker-Feldman* doctrine precludes federal district courts from exercising appellate jurisdiction over final state-court judgments. *Miller v. Dunn*, 35 F.4th 1007, 1010 (5th Cir. 2022). Federal district courts "lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000). The doctrine applies where: (1) the plaintiff loses in the state court proceeding, (2) the plaintiff's complaint alleges the state court judgment causes an injury, (3) the judgment was rendered before federal proceedings commenced, and (4) the plaintiff seeks review and rejection of the state court judgment. *Exxon Mobil Corp.*, 544 U.S. at 284. However, "*Rooker-Feldman* is inapplicable where a state appeal is pending when the federal suit is filed." *Miller*, 35 F.4th at 1012.

As a general matter, *Rooker-Feldman* bars any claim that a state court child support order is void, but it does not bar a claim that state government defendants violated the plaintiff's constitutional rights in the course of enforcing the order. *Mosley v. Bowie Cty. Tex.*, 275 F. App'x 327, 328-29 (5th Cir. 2008). The Fifth Circuit distinguishes between using *Rooker–Feldman* as a bar in challenging the underlying judgment versus challenging the execution or implementation of the judgment. *See Scott v. Fortenberry*, 278 F. App'x. 440, 441 (5th Cir. 2008).

In Counts I, II, and III, Plaintiff challenges the underlying process that resulted in the child support orders.  In Count I, he alleges procedural due process violations in that he did not receive proper notice or an opportunity to be heard; therefore, he contends the orders are "void ab initio."  [1] at 2.  There is no procedural due process exception to the *Rooker-Feldman* doctrine.  *Richard v. Hoechst Celanese Chem. Grp., Inc.*, 355 F.3d 345, 350 (5th Cir. 2003); *Salinas v. U.S. Bank Nat'l Ass'n*, 585 F. App'x 866, 867 (5th Cir. 2014).  Accordingly, Plaintiff's procedural due process claim is barred, as is his claim that the child support orders are void.

In Count II, he alleges "substantive due process" violations because the child support obligations were calculated without conducting income verification, ability-to-pay analysis, or deviation findings as required by Mississippi law.  He contends the "mechanical and automatic imposition of support percentages without hearings or individualized findings, constitutes an arbitrary government action that shocks the conscience."  [1] at 2.  As with the other Counts in his complaint, Plaintiff merely alleges that the process resulting in child support obligations was somehow defective and therefore void.  This contention is barred by *Rooker-Feldman*.  Moreover, Plaintiff's assertion that Defendants somehow violated Mississippi law does not state a cognizable § 1983 claim.  Section 1983 is a remedy for violations of federal constitutional rights, not for violations of state law.  *See Woodard v. Andrus*, 419 F.3d 348, 353 (5th Cir. 2005).

Plaintiff alleges he is a citizen of Georgia; his address of record is in Mississippi.  It is unclear whether this Court possesses diversity jurisdiction over any potential state law claims or violations of state statutes.  However, because Plaintiff's federal claims should be dismissed, the undersigned recommends that the Court decline to exercise supplemental jurisdiction over any

surviving state law claims. *See Heggemeier v. Caldwll Cty. Texas,* 826 F.3d 861, 872 (5th Cir. 2016); 28 U.S.C. § 1367(c)(3).

In Count III, Plaintiff alleges he has been treated differently from other similarly situated child support obligors because he did not receive procedural due process. He alleges that other child support obligors received notice of hearings and an opportunity to contest income and guideline deviations. Although Plaintiff labels this as an equal protection violation, in fact he simply recasts his procedural due process argument under the Equal Protection Clause. As with the other Counts, Plaintiff's due process claims are barred.

Plaintiff alleges in Count IV "unlawful enforcement" and "deprivation of property." An unlawful enforcement claim can serve as a federal claim not subject to the *Rooker-Feldman* doctrine. *See Mosley*, 275 F. App'x at 328-29. However, in this case, Plaintiff merely alleges that this unlawful enforcement and deprivation was based on "constitutionally defective and void orders." [1] at 3. Thus, he has not raised an independent constitutional claim regarding enforcement; he merely argues that the void order "render[s] the enforcement unlawful." *Ibid.* In his requested relief, Plaintiff also asks the Court to declare the child support orders void. *Ibid.* Likewise, in his motion for temporary restraining order and preliminary injunction, he alleges that the subject child support orders are void and that "[e]nforcement of void orders violates procedural and substantive due process." [3] at 2. It is clear from his pleadings that Plaintiff has not alleged an independent cause of action based on unconstitutional enforcement of child support orders. Instead, he merely asks this Court to void the child support orders because they were the product of alleged constitutional irregularities.

Plaintiff cannot escape *Rooker-Feldman* by casting a complaint in the form of a civil rights action. *Houston v Venneta Queen*, 606 F. App'x 725, 730 (5th Cir. 2015); *Richard*, 355

F.3d at 350 (issues are "inextricably intertwined" when a plaintiff casts a complaint in the form of a civil rights action simply to circumvent the *Rooker-Feldman* rule); *see also Daw v. Consol. City of Indianapolis & Marion Cty.*, 734 F. App'x 357, 359 (7th Cir. 2018) ("the label the plaintiffs place on their claim does not matter when they expressly assert that the judgment is 'void'") (citing *Holt v. Lake Cty. Bd. of Comm'rs*, 408 F.3d 335, 336 (7th Cir. 2005) (ruling that plaintiff "cannot overcome the jurisdictional bar by styling his claim as a due process action")); *Gorzelanczyk v. Baldassone*, 29 F. App'x 402, 403 (7th Cir. 2002) ("But even though Gorzelanczyk labels his lawsuit as a § 1983 action alleging due process violations, his real injury is the child support order, not any alleged denial of due process."). Plaintiff's complaint seeks to attack as void the state court judgment ordering the payment of child support. It is barred under the *Rooker-Feldman* doctrine because the request "invit[es] district court review and rejection" of the state child support judgment. *See Exxon Mobil Corp.*, 544 U.S. at 284; *Mosley*, 275 F. App'x at 329.

The undersigned recognizes that *Rooker-Feldman* may not apply to this case because of pending appeals. *See Miller*, 35 F.4th at 1012. In his TRO motion, Plaintiff indicates that "[d]espite pending appeals … Defendants continue to enforce constitutionally defective orders."[1] [3] at 1. The *Younger* abstention doctrine applies where a federal court would be required to intervene in ongoing state proceedings. *Bice v. Louisiana Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012). A federal district court may abstain from hearing a claim under *Younger* when: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has

---

[1] Plaintiff submitted purported notices of appeal in the Chancery Courts of Forrest, Lamar, and Oktibbeha Counties dated January 12, 2026. [1-1]. In these notices he argues that he was denied due process and the child support orders are void. In a later pleading filed on February 17, 2026, Plaintiff indicates his motion to vacate filed in Forrest County Chancery Court was denied on January 27, 2026; a motion remained pending in Lamar County Chancery Court; and Plaintiff was advised by Oktibbeha County Chancery Court that the case would need to be re-opened before relief could be considered. [4].

an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Id.* When the *Younger* doctrine is applied to suits stemming from the constitutionality of child support orders and enforcement proceedings, a party subject to a child support order is treated as a party to an open case that does not terminate until the child support order is fully discharged. *See Williams v. Trosclair*, 627 F. Supp. 3d 594, 604 (E.D. La. 2022) (citing *Dixon v. Kuhn*, 257 F. App'x 553, 555 (3d Cir. 2007); *Augstin v. Cnty. Of Alameda*, 234 F. App'x 521, 522 (9th Cir. 2007); *Tindall v. Wayne Cnty. Friend of Ct.*, 269 F.3d 533, 538-40 (6th Cir. 2001)). To the extent state court proceedings are ongoing, the undersigned recommends that the Court abstain from exercising its jurisdiction.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that Plaintiff's 42 U.S.C. § 1983 civil rights complaint be dismissed without prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed

findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED AND ADJUDGED, this the 7th day of July 2026.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE